**Ralph THACKER, Appellant,**

**v.**

**T. Ed ASHER, Jailer, Bell County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1965.

J. C. Helton, Grant F. Knuckles, Pineville, for appellant.

William S. Tribell, Middlesboro, Farmer Helton, Pineville, Thomas Z. Board, Middlesboro, for appellee.

MILLIKEN, Judge.

The appellant, Ralph Thacker, an inmate of the Bell County jail charged with murder, was denied bail by the quarterly court, filed a petition in the circuit court for a writ of habeas corpus in an effort to obtain bail and again was denied it. The sole question on this appeal is whether he is entitled to bail. He had waived examination in the quarterly court which referred the charge against him to the Bell County grand jury for consideration at its next session.

Section 16 of the State Constitution stipulates that "All prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great * * *." The shooting occurred at dusk when an out of doors poker game broke up because of the darkness. The record discloses that the deceased, Luke Maiden, and other players, had been drinking moonshine most of the afternoon and that Thacker, a late arrival at the game, apparently drank no alcoholic beverage while there. An hour or so before the shooting

Thacker had whipped out a pistol and threatened Maiden when the latter started to rake in the pot which Thacker had just won. Peace was immediately restored by the participants and the game continued for a couple of hours afterward without a recorded, untoward incident.

The best we can make out of the testimony offered on the hearing in the circuit court is that shots were fired after the game broke up, two men were hit in the legs, and Luke Maiden's dead body lay sprawled on its back with a revolver lying two to three inches from his hand. Maiden's revolver smelled of gunpowder indicating it .had been fired recently, and two live cartridges were in the cylinder and three empty hulls. No one testified that Thacker or any specific person fired a shot, but only that shots had been fired and that they probably came from two guns. Thacker voluntarily went to the jailer later that evening and told the jailer that he had been in a shooting scrape, but didn't know whether anyone had been hit because he left. The testimony of the coroner suggested that Maiden had been shot in the back and that the bullets had passed through his body, emerging in the front.

It is the contention of the appellant that the record presented does not sustain a denial of bail, because there is nothing to sustain a charge of premeditated or willful killing "and if Ralph Thacker did shoot and kill Luke Maiden it was either in self-defense or in sudden heat and passion and in a case such as this the only time a defendant can be held without bond pending his trial is when the proof is evident and the presumption great," a presumption which he contends the present record does not sustain.

The burden is on the Commonwealth and it is the consensus of this Court that the proof offered here is not evident nor is the presumption great and that, consequently, the appellant is entitled to his release from detention upon the execution of sufficient bail.

The judgment is reversed.